Mr. H.R. Thornton, Jr. City Attorney City of St. Cloud 1300 Ninth Street St. Cloud, Florida 32769
Dear Mr. Thornton:
This is in response to your request for an opinion on substantially the following question:
 WHETHER THE 1981 LEGISLATIVE AMENDMENT OF s 235.26(1), F.S., EXEMPTS DISTRICT SCHOOL BOARDS FROM LIABILITY FOR THE PAYMENT OF IMPACT FEES FOR MUNICIPAL WATER AND SEWER FACILITIES?
In 1976, AGO 76-137, among other things, concluded:
 The purpose of s. 235.34, F.S., is to regulate the levying of assessments for special benefits on school districts and for the directing of payment of said assessments, and thus it has no application to the imposition of "impact fees" or user charges against the school board and, as such, affords the school board no protection from the liability for payment of the "impact fee" or user charge imposed by city ordinance for the privilege of connecting to the city's water and sewer system.
This conclusion is in accord with the later judicial decision, School Board of Pinellas County v. Pinellas County Commission,404 So.2d 1178 (2 D.C.A.Fla., 1981), pet. for rev.den., 413 So.2d 877
(Fla. 1982), which was a per curiam affirmance of an appeal from a judgment of the Pinellas County Circuit Court against the school board in a suit in which the school board sought to avoid payment of certain impact fees to the county commission. In that case the court stated: "We affirm on the sole basis that Section 235.26(1), Florida Statutes (1979) does not exempt a school board from payment of water or sewage impact or connection fees." Id. at 1178.
During the 1981 Legislative Session, s 235.26(1), F.S. 1979 was amended, in pertinent part, to read:
 All educational facilities constructed by a board shall incorporate the State Uniform Building Code for Public Educational Facilities Construction and are hereby shall be exempt from all other state, county, district, municipal, or local building codes, interpretations, building permits and assessments of fees for building permits, and ordinances and impact fees or service availability fees. . . .
(additions are underlined; deletions are stricken)
Chapter 81-223, s 27, Laws of Florida. See also, s 235.26(1), F.S. (1982 Supp.).
You inquire as to the effect, if any, s 235.26(1), F.S., as amended, has on AGO 76-137. This 1981 amendment exempts all educational facilities constructed by district school boards from state and local governmental impact fees or service availability fees. To the extent of any inconsistency in AGO 76-137, that opinion is hereby modified or superseded. For a discussion of the distinctions among special assessments, taxes and user charges, see, AGO 76-137 which retains continued validity on these points.
It is therefore my opinion that s 235.26(1), F.S., as amended by Ch. 81-223, Laws of Florida, exempts all educational facilities constructed by district school boards from all state, county, district or municipal impact fees or service availability fees.
Sincerely,
Jim Smith Attorney General
Prepared by:
Craig Willis Assistant Attorney General